# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1998

FILED

October 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ANTHONY K. GOODS, | ) | C.C.A. NO. 02C01-9712-CR-00479 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. L.T. LAFFERTY |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

A.C. WHARTON
Public Defender

TONY N. BRAYTON
Assistant Public Defender
201 Poplar Avenue, Suite 2-01

Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
425 5th Avenue North

Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

RHEA CLIFT
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED _____

AFFIRMED IN ACCORDANCE WITH RULE 20

DAVID H. WELLES, JUDGE

# ORDER

The Defendant appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his petition for post-conviction relief. In a negotiated plea agreement, the Defendant pleaded guilty to second degree murder, attempted second degree murder, especially aggravated robbery, and theft of property over the value of one thousand dollars. His effective sentence was fifty-five years to be served as a Range III persistent offender. He subsequently petitioned for post-conviction relief, alleging that his guilty pleas were not knowing and voluntary and that he received ineffective assistance of counsel. After conducting an evidentiary hearing on the post-conviction petition, the trial judge denied the petitioner's claim. We affirm the judgment of the trial court.

The murder, attempted murder, and robbery convictions grew out of the Defendant's perpetration of an armed robbery of a store in Memphis. The theft conviction was unrelated to the other crimes and involved the theft of an automobile.

The Defendant essentially asserts that he did not understand the nature and consequences of his plea because his attorney did not adequately explain to him what forty-five percent of fifty-five years actually meant as it relates to parole eligibility. The Defendant and his former attorney were the only witnesses who testified at the hearing on the petition for post-conviction relief. In its order denying the Defendant post-conviction relief, the trial court found that the proof

in the record "overwhelmingly" established that the pleas of guilty were knowingly, voluntarily, and intelligently entered. The court further found that the evidence did not support the petitioner's allegations of ineffective assistance of counsel. From our review of this record, the evidence clearly supports the findings of the trial judge. No error of law requiring a reversal of the judgment is apparent on the record.

Neither a detailed discussion of the facts nor a lengthy opinion concerning the law would be of precedential value in this case. We are satisfied that the result reached by the trial court is correct. Based upon a thorough reading of the record, the briefs of the parties, and the law governing the issues presented for review, the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
JOE G. RILEY, JUDGE